UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SEVEN HUNDRED SIXTY THOUSAND THIRTY-FIVE
AND 18/100 DOLLARS ($760,035.18) IN FUNDS SEIZED
FROM THREE SEPARATE ACCOUNTS AT JP MORGAN
CHASE BANK, N.A.,

and

EIGHT HUNDRED FIFTY ONE THOUSAND EIGHT
HUNDRED THIRTY-ONE AND 79/100 ($851,831.79)
IN FUNDS SEIZED FROM TEN SEPARATE ACCOUNTS
AT BANK OF AMERICA, N.A.,

        Defendants.
_____/

## VERIFIED CIVIL COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America (hereinafter, the "United States" or the "Government"), hereby files this Verified Civil Complaint for Forfeiture *in Rem* and provides the following:

1. This is a civil action for forfeiture *in rem* of Seven Hundred Sixty Thousand Thirty-Five and 18/100 Dollars ($760,035.18) in Funds seized from Three Separate Accounts at JP Morgan Chase Bank, N.A. and Eight Hundred Fifty One Thousand Eight Hundred Thirty-One and 79/100 Dollars ($851,831.79) in Funds seized from Ten Separate Accounts at Bank of America, N.A. (all seized funds collectively referred to hereinafter as the "defendant property"), pursuant to Title 18, United States Code, Section 981(a)(1)(C).

2. The Court has subject matter jurisdiction in this cause pursuant to Title 28, United States Code, Sections 1345 and 1355(a), (b), and (d).

3. The venue for this cause lies in the Southern District of Florida pursuant to Title 28, United States Code, Sections 1355 and 1395 as the defendant property is located within the Southern District of Florida and will remain within the district during the pendency of this cause or until further order of the Court.

4. The defendant property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as it is property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1028, 1029 and 1343.

## STATEMENT OF FACTS

5. From on or about August 17, 2010, through on or about September 17, 2010, the business account number 66753011 held at Bank Atlantic, N.A., in the name of Muller Pierre, doing business as, "Sunshine Taxes Services" (hereinafter, the "Bank Atlantic account") received ninety-nine (99) tax credits from the United States Treasury (hereinafter, the "Treasury") for tax year 2009. A tax credit is an electronic tax refund payment made by the Treasury to a taxpayer to whom such refund is owed or to an authorized tax return preparer in care of such taxpayer.

6. All of the tax credits made to the Bank Atlantic account were fraudulently procured as each was made in care of a named taxpayer who expired in either 2009 or 2010, and to whom a tax refund was not owed.

7. All of the tax credits made to the Bank Atlantic account resulted from tax returns purportedly prepared and electronically filed with the Internal Revenue Service (hereinafter, "IRS")

by Finshley Fanor (hereinafter, "Fanor") using the Electronic Filing Identification Number (hereinafter, "EFIN") issued to him.

8. An EFIN is a personal identification number assigned by the IRS to a tax return preparer (either an individual or a business) who is accepted in the IRS "e-file" program. To be accepted, a tax preparer must complete an application (Form 8633) and submit it to the IRS. That application requires the submission of fingerprint cards for the applicant. The IRS "e-file" program permits a tax preparer to file federal income tax returns with it electronically (or by wire) either on their own behalf or on the behalf of others.

9. A search for Fanor's EFIN among all of the federal income tax returns filed with the IRS for tax year 2009 showed that Fanor purportedly prepared and electronically filed five thousand one hundred eight (5,108) returns.

10. All of the named taxpayers for whom Fanor purportedly prepared and electronically filed a return for tax year 2009, either expired in 2009 or in 2010.

11. On or about October 6, 2010, federal law enforcement agents interviewed Fanor in person during which he denied that he was issued an EFIN and denied that he prepared or electronically filed any federal income tax returns for tax year 2009 with the IRS. In subsequent interviews with federal law enforcement agents, Fanor partially recanted those denials by stating that he did apply for, and was issued, an EFIN, but that he made such application in exchange for payment of one thousand dollars ($1,000). However, Fanor repeated that he never used the EFIN issued to him, nor did he prepare any federal income tax returns for anyone for tax year 2009.

12. None of the taxpayers for whom Fanor purportedly prepared and electronically filed a return for tax year 2009, either authorized him to prepare such return or authorized him to file such return on their behalf with the IRS.

13. All of the tax returns purportedly prepared by Fanor and filed electronically using his EFIN for tax year 2009 listed the named taxpayer's Social Security Number.

14. A Social Security Number is both a means of identification of a person and a personal identification number.

15. In total, approximately twelve million one hundred three thousand seven hundred twelve and 37/100 dollars ($12,103,712.37) in tax credits was electronically transferred from the Treasury as a result of the fraudulent tax returns filed for tax year 2009 using Fanor's EFIN. The Treasury was able to reclaim approximately five hundred seventeen thousand four hundred seventy and 85/100 dollars ($517,470.85) administratively. However, approximately eleven million eight hundred twenty six thousand three hundred ninety eight and 03/100 dollars ($11,826,398.03) was not reclaimed administratively by the Treasury (hereinafter, the "outstanding fraud proceeds").

16. Federal law enforcement agents traced the outstanding fraud proceeds to approximately three hundred three (303) separate accounts held at nine different banks in different names, including the Bank Atlantic account.

17. On February 9, 2011, the Honorable Jonathan Goodman, United States Magistrate Judge, issued nine separate warrants authorizing the civil seizure of the outstanding fraud proceeds (or funds) traced to accounts held at nine different banks pursuant to an application by the Government setting forth facts establishing probable cause to believe that such funds are subject to forfeiture pursuant to Title 18, United States Code, Section 981.

18. On March 3, 2011, federal law enforcement agents seized the defendant property pursuant to the civil seizure warrants issued by Magistrate Judge Goodman.

## FIRST FORFEITURE ALLEGATION
### (Proceeds of Identity Theft Fraud)
### ( 18 U.S.C.§§ 981(a)(1)(C) and 1028(a)(7))

19. The allegations contained in paragraphs 1 through 18 of this Verified Civil Complaint for Forfeiture *in Rem* are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture of the defendant property to the United States.

20. Title 18, United States Code, Section 981(a)(1)(C) provides that the following property is subject to forfeiture to the United States: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Section . . . 1028 . . . of this title . . . or a conspiracy to commit such offense."

21. Title 18, United States Code, Section 1028(a)(7) is violated when someone "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law."

22. The Social Security Numbers of the named taxpayers for whom Fanor purportedly prepared a return for tax year 2009 were used as a means of identification of such taxpayer on those returns.

23. The Social Security Numbers of the named taxpayers for whom Fanor purportedly prepared a return for tax year 2009 were used without lawful authority in that all of those named taxpayers expired in 2009 or 2010, and none of those named taxpayers authorized Fanor to prepare

5

such return or authorized him to file such return on their behalf with the IRS.

24. The Social Security Numbers of the named taxpayers for whom Fanor purportedly prepared a return for tax year 2009 were used in connection with an unlawful activity that constitutes a violation of Title 26, United States Code, Section 7206(1).

25. The defendant property constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1028(a)(7).

26. The defendant property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

## SECOND FORFEITURE ALLEGATION
### (Proceeds of Access Device Fraud)
### (18 U.S.C.§ § 981(a)(1)(C) and 1029(a)(2))

27. The allegations contained in paragraphs 1 through 18 of this Verified Civil Complaint for Forfeiture *in Rem* are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture of the defendant property to the United States.

28. Title 18, United States Code, Section 981(a)(1)(C) provides that the following property is subject to forfeiture to the United States: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Section . . . 1029 . . . of this title . . . or a conspiracy to commit such offense."

29. Title 18, United States Code, Section 1029(a)(2) is violated when someone "knowingly and with intent to defraud, traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period."

30. The term "access device" as used in Title 18, United States Code, Section 1029(a)(2) means "any . . . personal identification number . . . that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)." 18 U.S.C. § 1029(e)(1).

31. The term "unauthorized access device" as used in Title 18, United States Code, Section 1029(a)(2) means "any access device that is lost, stolen, expired, revoked canceled, or obtained with intent to defraud." 18 U.S.C. § 1029(e)(3).

32. The Social Security Numbers of the named taxpayers for whom Fanor purportedly prepared returns for tax year 2009 are personal identification numbers that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

33. The Social Security Numbers of the named taxpayers for whom Fanor purportedly prepared returns for tax year 2009 were provided or used on those returns when they were electronically filed with the IRS and were provided or used to initiate the electronic transfer of funds by the Treasury during a one-year period obtaining approximately twelve million one hundred three thousand seven hundred twelve and 37/100 dollars ($12,103,712.37) in tax credits for that year.

34. The Social Security Numbers of the named taxpayers for whom Fanor purportedly prepared returns for tax year 2009 were used with the intent to defraud the IRS.

35. The defendant property constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1029(a)(2).

36. The defendant property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

WHEREFORE, the United States requests, that any and all persons having any claim to the defendant property be directed to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions or suffer default thereof, and further requests that the Court declare the defendant property condemned and that all right, title and interest in it is forfeited to the United States and that the United States shall have such other and further relief as may be just and proper in the discretion of the Court.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *[signature]*
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 N.E. 4th Street - 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Complaint for Forfeiture *In Rem* and state that the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed this __19__ day of April, 2011.

_____
Mark Walton
United States Secret Service